Filed 8/26/22  P. v. Mena CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERTO CARLOS MENA,<br><br>    Defendant and Appellant. | F082294<br><br>(Super. Ct. No. MCR061561B)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  Joseph A. Soldani, Judge.  (Retired Judge of the Madera Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Joshua G. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Snauffer, J. and DeSantos, J.

Roberto Carlos Mena operated a marijuana grow in a rented building. He stole electricity to power the grow. He got caught and pled no contest to stealing electricity (Pen. Code,[1] § 498, subd. (d)).[2] The court granted Mena probation and ordered him to pay restitution to the power company.

Several months later, the building owner filed a request for restitution. Following a few more filings from the parties and a few more hearings, the court granted the owner's request by modifying Mena's probation terms to include restitution to the owner.

On appeal, Mena claims the building owner lacked standing to request restitution "through modification of the terms of probation." The People oppose.

We conclude standing is irrelevant. The pertinent question is whether the court could modify probation to include a term requiring restitution payable to the building owner. Because the answer is yes, we affirm the trial court's order.

## BACKGROUND

Mena pled no contest to violating section 498, subdivision (d), for stealing electricity. He stole the electricity to power a marijuana grow in a rented building. The trial court granted probation and ordered Mena to pay restitution to the power company.

Later, the building owner filed a "motion to modify restitution order." The motion was based on section 1202.4, subdivision (f). The owner's damages were later described as "repairs to the building," "[a] dangerous building citation," "[a]ttorneys fees and expenses," and "[l]ost rent." Mena filed a response arguing the owner was not a "victim" to stealing electricity within the meaning of section 1202.4, subdivision (k).

At a hearing following Mena's filed response, the court agreed the building owner was not a "victim" under 1202.4, subdivision (k). But the court believed it was

---

[1] All statutory references are to the Penal Code.

[2] Mena also pled no contest to unlawful firearm possession (§ 30605, subd. (a)). That conviction is irrelevant to this appeal.

appropriate to order restitution "under a different provision, [sections] 1203.1(a)(3) and (j) …." The matter was continued to permit Mena the opportunity to address those sections. Mena subsequently filed a "supplement" urging the court to deny restitution because the owner was "culpab[le]" and "ineligible to receive restitution."

At the final hearing on the matter, the court stated it was "not convinced" the owner "was complicit …." It then modified Mena's probation to include a restitution term payable to the owner.

## DISCUSSION

Mena argues the building owner, "as a private party … lacks standing to seek restitution through modification of the terms of probation." He states "[i]t is the long standing rule that victims of crimes have no private right of enforcement of criminal penalties." He concludes "nothing in the criminal probation statutes suggest[s] that the Legislature intended to afford crime victims a direct claim."

The People assert "[t]he California Constitution and section 1202.46 confer standing to crime victims to request restitution." In our view, standing is irrelevant.

The pertinent questions are 1) whether the court could modify probation, 2) if yes, did the modification comply with procedure, and 3) is the modification valid? We believe the answer to each question is "yes."

On restitution as a probation condition, the California Supreme Court has explained:

> "Section 1203.1 was added to the Penal Code in 1935. (Stats.1935, ch. 604, § 2, pp. 1708–1709.) The statute gives trial courts broad discretion to impose probation conditions to foster rehabilitation and to protect public safety. [Citation.] The court may impose upon probationers 'reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer….' (§ 1203.1, subd. (j).)

3.

"Restitution as a condition of probation has always been expressly authorized by section 1203.1. Originally, the statute called on trial courts to consider reparation or restitution as a condition of probation. (See Stats.1935, ch. 604, § 2, p. 1708; *People v. Birkett* (1999) 21 Cal.4th 226, 234, fn. 8.) The statute was amended in 1982 to require that restitution be imposed 'in proper cases.' (Stats.1982, ch. 1413, § 6, pp. 5403–5404; now § 1203.1, subd. (a)(3).)

"While restitution under section 1203.1 may serve to compensate the victim of a crime, it also addresses the broader probationary goal of rehabilitating the defendant. ' "Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused." ' [Citation.] Restitution 'impresses upon the offender the gravity of the harm he has inflicted upon another, and provides an opportunity to make amends.' " (*People v. Anderson* (2010) 50 Cal.4th 19, 26-27 (*Anderson*).)

Section 1203.3, subdivision (b)(1) adds that "[b]efore any sentence or term or condition of probation or condition of mandatory supervision is modified, a hearing shall be held in open court before the judge."

With these principles in mind, we find no issue with the court's probation modification to include a restitution term payable to the building owner. There is no doubt the court has authority to modify terms of probation. (See § 1203.3, subd. (a).) There is no doubt Mena was provided the opportunity to contest the modification—he filed an objection and voiced his concerns in court during a hearing dedicated to the modification.

Finally, there is no doubt the modification related to rehabilitation—Mena is tasked with paying restitution to the building owner for damages[3] resulting from the

---

[3] To quote the trial court, restitution was ordered relative to "actual cost to make repairs to the building," a "[d]angerous building citation … paid by the property owner … that was a result of [] Mena's actions," "[a]ttorneys' fees and expenses" related

marijuana grow. The modification " 'impresses upon [him] the gravity of the harm he has inflicted upon another, and provides an opportunity to make amends.' " (*Anderson, supra,* 50 Cal.4th at p. 27.) Accordingly, we affirm the trial court's order.[4]

## DISPOSITION

The November 20, 2020 order imposing restitution is affirmed.

---

to litigating the citation, and "[l]ost rent … because the building was no longer habitable for any business purpose because of the damage done by" Mena.

[4] As demonstrated, standing is irrelevant. The primary question is whether it was in the court's power to order the probation modification at issue. The genesis of the modification does not matter.